| | | |
|---|---|---|
| | AUSA:   Douglas Salzenstein | Telephone:  (313) 226-9100 |
| Officer:   ☑ Jeffrey Jones | | Telephone:  (313) 218-0396 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Oscar ANASTACIO-HERNANDEZ | Case: 2:26−mj−30126<br>Assigned To : Unassigned<br>Assign. Date : 3/9/2026<br>Description: RE: OSCAR<br>ANASTACIO−HERNANDEZ (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 25, 2026 _____ in the county of _____ Washtenaw _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeffrey Jones, Deportation Officer, ICE-ERO
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ March 9, 2026 _____

_____
*Judge's signature*

City and state:  Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

I, Jeffrey Jones, declared the following under penalty of perjury:

1.      I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security (DHS), having served with ICE as a Deportation Officer since November 10, 2025.

2.      The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3.      The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases.  I have also reviewed relevant immigration records relating to Oscar ANASTACIO-HERNANDEZ, which reveal the following:

4.      Oscar ANASTACIO-HERNANDEZ is a thirty-five-year-old citizen and native of Mexico who last entered the United States on an unknown date, at an unknown place, without inspection by the U.S. Department of Homeland Security.

5.      On or about April 16, 2007, the United States Border Patrol encountered ANASTACIO-HERNANDEZ near the Laredo TX. ANASTACIO-HERNANDEZ was offered and accepted a Voluntary Return.

6.      On or about March 31, 2015, ANASTACIO-HERNANDEZ was encountered by the United States Border Patrol (for the second time) near the Rio Grande Valley, Texas Border Patrol Sector. After confirming that he had previously

accepted a voluntary return to Mexico, U.S. Border Patrol processed ANASTACIO-HERNANDEZ as an Expedited Removal and a final order of removal was entered on or about March 31, 2015. ANASTACIO-HERNANDEZ was removed from the United States on April 1, 2015, out of Hidalgo, Texas.

7.      Just three days later, on or about April 4, 2015, ANASTACIO-HERNANDEZ was encountered by the United States Border Patrol (for the third time) near the Rio Grande Valley, Texas. Border Patrol processed ANASTACIO-HERNANDEZ as a reinstatement of his prior order of removal, which was entered on or about April 5, 2015. On April 5, 2015, ANASTACIO-HERNANDEZ was removed from the United States out of Hidalgo, Texas.

8.      Just sixteen days later, on or about April 21, 2015, ANASTACIO-HERNANDEZ was encountered by the United States Border Patrol (for the fourth time) near the Rio Grande Valley, Texas. Border Patrol processed ANASTACIO-HERNANDEZ as a reinstatement of his prior order of removal, which was entered on or about April 22, 2015. On April 23, 2015, ANASTACIO-HERNANDEZ was removed from the United States out of Hidalgo Texas.

9.      Approximately two-and-a-half years later, on or about October 12, 2017, ANASTACIO-HERNANDEZ was encountered by the United States Border Patrol (for the fifth time) near the Briscoe Ranch Texas. Border Patrol processed ANASTACIO-HERNANDEZ as a reinstatement of his prior order of removal,

which was entered on or about October 14, 2017. On October 20, 2017, ANASTACIO-HERNANDEZ was removed from the United States out of Laredo, Texas.

10.     Approximately one year later, on or about October 18, 2018, ANASTACIO-HERNANDEZ was encountered by the United States Border Patrol (for the sixth time) near the Rio Grande River near Del Rio, Texas. Border Patrol processed ANASTACIO-HERNANDEZ as a reinstatement of his prior order of removal, which was entered on or about October 19, 2018.  On March 20, 2019, ANASTACIO-HERNANDEZ was removed from the United States out of Del Rio Texas International Bridge.

11.     On or about February 25, 2026, ANASTACIO-HERNANDEZ was arrested by Immigration and Customs Enforcement, Enforcement and Removal Operations (ERO) officers in Ann Arbor, Michigan (Eastern District of Michigan) during a vehicle stop. Officers positively identified ANASTACIO-HERNANDEZ as the driver of the vehicle and identified another individual as the front-seat passenger. After determining that both ANASTACIO-HERNANDEZ and his passenger were in the United States illegally, officers detained both individuals and transported them to the Detroit Field Office for processing.

12. After confirming that ANASTACIO-HERNANDEZ had been previously removed six times from the United States, his prior order of removal was reinstated.

13. The aforementioned arrest and subsequent detention was administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225,1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who are reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

14. Review of the alien file (A# XXX XXX 662) for ANASTACIO-HERNANDEZ, and queries in U.S. Border Patrol computer databases confirm no record exists of ANASTACIO-HERNANDEZ obtaining the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto following his last removal on March 20, 2019.

15. Based on the above information, I believe there is probable cause to conclude that Oscar ANASTACIO-HERNANDEZ, is an alien who was found in the United States after removal, without obtaining the express permission from the Attorney General of the United States or from the Secretary of the Department of

Homeland Security to re-apply for admission into the United States, in violation of

Title 8 U.S.C. § 1326(a).

_____

Jeffrey Jones, Deportation Officer
Immigration and Customs Enforcement


Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. David R. Grand
United States Magistrate Judge


March 9, 2026